**Kristine MADATIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–70170.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Filed Nov. 27, 2007.

Eric Acker, Charles S. Evendorff, Esq., Helen S. Irza, Esq., Morrison & Foerster, LLP, San Diego, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, William C. Minick, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, NOONAN, and THOMAS, Circuit Judges.

ed by 9th Cir. R. 36–3.

**158**

MEMORANDUM *

On January 31, 1995, Petitioner Kristine Madatian, a native and citizen of Armenia, entered the United States without a valid entry document. Petitioner Kristine arrived with her sister, Gayane Madatian, and her nephew, Vahe Madatian (collectively "the Madatians"). On June 9, 1995, the former INS began deportation proceedings against the Madatians. All three conceded removability and sought asylum and withholding of removal on the ground that they had been threatened and arrested by the Armenian secret police because of their brother's political affiliation. The Madatians were denied asylum and withholding of removal, but were granted ninety days to voluntarily depart. The Immigration Judge informed them that if they failed to voluntarily depart, they would be ineligible for certain types of relief, *including adjustment of status,* for five years from the date of departure. They appealed.

On May 23, 1997, the BIA dismissed the appeal. On the same day, the BIA sent, via regular mail in an envelope addressed only to Gayane at her residence, a copy of its decision dismissing the appeal. The decision informed Gayane that she, Petitioner Kristine, and Vahe had ninety days to voluntarily depart the United States. The BIA did not mail a separate copy of the decision to Petitioner Kristine or to Vahe, whose addresses were the same as Gayane's. On June 26, 1997, Gayane filed a petition for review with this court. The petition was dismissed as untimely because it was filed three days after the Madatians' voluntary departure deadline.

On December 13, 1998, Petitioner Kristine married Genrik Simonyan, a United States citizen. Shortly thereafter, Simonyan filed an immigrant relative visa petition on Petitioner's behalf. The visa was approved.

On July 29, 2003, Petitioner Kristine filed with the BIA a motion to reopen to apply for *adjustment of status* based on the approved immigrant relative visa. The petition stated, "I was not aware that my appeal was dismissed and only found out after [my] current attorney checked my status." On December 12, 2003, the BIA denied Petitioner's motion to reopen for adjustment of status as untimely because it was filed more than ninety days after the BIA's May 23, 1997, decision.

We review for abuse of discretion the BIA's decision to deny Petitioner's motion to reopen. *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Siong v. INS,* 376 F.3d 1030, 1036 (9th Cir.2004). The BIA abuses its discretion when it acts " 'arbitrarily, irrationally, or contrary to law.' " *Chete Juarez v. Ashcroft,* 376 F.3d 944, 947 (9th Cir.2004) (quoting *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000)). "Aliens facing deportation are entitled to due process under the Fifth Amendment to the United States Constitution, encompassing a full and fair hearing and notice of that hearing." *Dobrota v. INS,* 311 F.3d 1206, 1210 (9th Cir.2002). There is a presumption of effective service when non-Order to Show Cause notices are sent to the alien at the alien's last known address. *See Chaidez v. Gonzales,* 486 F.3d 1079, 1085 (9th Cir.2007). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.

The fact that Petitioner's application for adjustment of status was attached to her motion to reopen supports her position that she did not know of the BIA's May 23,

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1997 decision that was addressed and sent only to Petitioner's sister Gayane. We read the requirement that a non-OSC notice that is "sent to the alien's last known address," *Chaidez,* 486 F.3d at 1085, to mean that the envelope that contains the notice explicitly states the name of the alien petitioner. Furthermore, the dissent suggests that because the three Madatians jointly filed on June 26, 1997 a petition for review of the BIA decision, and on May 26, 1998 a motion to reinstate the petition, this joint filing "strongly suggests that [Kristine] had in fact been served and received notice of the [BIA's] May 23, 1997 decision." We respectfully disagree. Joint filings do not change the fact that a copy of the BIA's May 23, 1997 decision was not "sent to [Kristine's] last known address," as required by *Chaidez.*

Accordingly, the BIA acted arbitrarily and contrary to law, and consequently abused its discretion, when it denied Petitioner's motion to reopen. *See Chete Juarez,* 376 F.3d at 947. The panel will retain jurisdiction over any subsequent appeal in this case.

PETITION GRANTED.

NOONAN, Circuit Judge, Dissenting:

*Chaidez v. Gonzales,* decided since the briefing and oral arguments in this case, holds that a presumption of effective service applies when non-Order to Show Cause notices are sent to an alien at the alien's last known address, 486 F.3d 1079, 1085 (9th Cir.2007). The BIA's May 23, 1997 decision to dismiss the Madatians' appeal of the IJ's denial of asylum and withholding of deportation was mailed to Gayane Madatian at 203 West Maple, Apt. 203, Glendale, California 91204, the last-known address for Kristine Madatian. Although the cover letter in the mailing ad-

dresses only Gayane Madatian, the caption in the enclosed decision lists Gayane, Kristine, and Vahe. It is worth noting that Kristine filed a notice of appeal to the BIA (AR 109) separately and two days before Gayane and Vahe filed a joint notice of appeal (AR 107). While this separate filing of the appeal to the BIA might justify separate service of process to Kristine and to Gayane and Vahe, the BIA decision, with Kristine's name in the caption, was in fact mailed to Kristine's last-known address. Moreover, all three Madatians jointly filed a petition for review of the BIA decision with this court on June 26, 1997 and then filed a motion to reinstate the petition for review on May 26, 1998 after this court granted the government's motion to dismiss the petition. That Kristine joined Gayane and Vahe in appealing the BIA decision strongly suggests that she had in fact been served and received notice of the May 23, 1997 decision.